FILED
 2010 Dec-07  PM 01:48
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **COURTLAND DILLARD,** ) | |
|     **PLAINTIFF,** ) | |
| **VS.** ) | **2:10-cv-1696-JHH** |
| **WESTERN INTERNATIONAL** ) | |
| **GAS & CYLINDERS,** | |
| ) | |
|     **DEFENDANT.** | |

## MEMORANDUM OF OPINION

The court has before it a complaint, (doc. #1) filed on June 25, 2010, generally alleging violations of the Americans with Disabilities Act. Four days after the filing of the complaint, at 3:33 p.m. Plaintiff filed a request for service (doc. #2) by certified mail naming an incorrect Defendant, Wal-Mart Stores, East LP. Realizing his mistake, thirty minutes later, Plaintiff filed an amended request for service by certified mail (doc. #3) naming "Western International Gas & Cylinders" and sought to serve the Defendant in the following two different ways: (1) through Denise Haugen, purported corporate counsel for Defendant at a P.O. Box in Bellville, Texas; and (2) directly on the corporate defendant at a Birmingham, Alabama, address.

On July 8, 2010 the first summons and complaint was delivered to Denise Haugen, but the signature on the PS Form 3811 is illegible, although certainly not that of Denise Haugen. (*See* doc. #5.) On July 12, 2010 the second summons and

complaint was delivered to Western International Gas & Cylinders, but again the signature on the PS Form 3811 is illegible. (*See* doc. #6.) Moreover, neither of the attempted returns of service reflect that Plaintiff ever attempted to serve the actual registered agent for Western International Gas & Cylinders through Capital Corporate Services, Inc. at 4269 Lomac Street, Montgomery, Alabama 36106. *See* Government Records of Alabama Secretary of State, last accessed 12/6/2010. Neither returns of service reflect proper service on the named Defendant, and there is nothing else in the file.

    These facts reflect a total failure by Plaintiff to prosecute this action. Pursuant to Federal Rule of Civil Procedure 41(b) and *Link v. Wabash Railroad Co.*, the court will enter an order dismissing this action for lack of prosecution. 370 U.S. 626, 633 (1962) ("Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute *even without affording notice of its intention to do so or providing an adversary hearing before acting*. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion.") (emphasis added).

    **DONE** this the ___7th___ day of December, 2010.

                                            */s/ James H. Hancock*

                              SENIOR UNITED STATES DISTRICT JUDGE